# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.  3:17-CV-263-RJC-DCK

| | | |
|---|---|---|
| **LAURA B. GREENE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **SHAPIRO & INGLE, LLP,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery" (Document No. 14).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.  Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

## BACKGROUND

Plaintiff Laura B. Greene ("Plaintiff" or "Greene") initiated this action with the filing of her "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on May 9, 2017.  The Complaint asserts claims against Shapiro & Ingle, LLP ("Defendant") for:  (1) sexually-hostile working environment / retaliatory discharge;  and (2) violation of the N.C. Wage & Hour Act.  (Document No. 1-1, pp.14-17).  Plaintiff contends that she was sexually harassed by one of Defendant's managers, James Albert ("Albert"), and was then terminated from her employment with Defendant because of her gender and in retaliation for complaining about unwelcome sexual advances.  (Document No. 1-1, p.7).

Defendant filed its "Notice Of Removal" (Document No. 1) with this Court on May 17, 2017.  The Court issued its "Pretrial Order And Case Management Plan" (Document No. 6) on

June 20, 2017. The "…Case Management Plan" includes the following deadlines: expert reports – November 6 and 13, 2017; discovery completion – February 1, 2018; and dispositive motions – March 1, 2018. (Document No. 6). The deadline to file a report on the result of mediation was recently extended to January 1, 2018. (Document No. 19).

Now pending before the Court is "Plaintiff's Motion To Compel Discovery" (Document No. 14) filed on October 24, 2017. The motion to compel has been fully briefed and is ripe for review and disposition. See (Document Nos. 15, 16, and 18).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial

discretion in resolving motions to compel);  and <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

By the pending motion, Plaintiff contends that Defendant has failed to adequately respond to several discovery requests.  (Document No. 14).  Plaintiff requests that the Court compel Defendant to provide full responses to Interrogatory No. 2 and Requests for Production of Documents Nos. 2, 9-12, 16, 23, and 25.  <u>Id.</u>

The undersigned will address each disputed request in turn below.

**Interrogatory No. 2 and Requests for Production Nos. 12 & 16 – Tina Towers**.

First, Plaintiff argues that Defendant's responses to Interrogatory No. 2 and Requests for Production Nos. 12 & 16 are incomplete regarding Defendant's identified expert, Tina Towers ("Towers").  (Document No. 15, pp.3-4).  Plaintiff contends that Defendant failed to "describe the opinions about which Towers is expected to testify, the grounds for her opinion, or the grounds for qualifying her as an expert witness…."  <u>Id.</u>

In response, Defendant notes that it has not provided an expert report, and that its report was not due until November 13, 2017.  (Document No. 16, p.3) (citing Document No. 6). Moreover, Defendant states that Towers "may be tendered only as a lay witness."  <u>Id.</u>  Defendant acknowledges that Towers completed an independent investigation of Greene's sexual harassment allegations.  (Document No. 16, pp.3-4).

Based on the foregoing, the undersigned will direct Defendant to supplement its response to Interrogatory No. 2 as appropriate and consistent with the provision of its expert witness report.

In addition, Defendant shall further supplement its response to Request for Production No. 12 by including all of Towers' (or any other investigator's) emails, handwritten or typed notes, or

memoranda pertaining to any investigation conducted or contracted by Defendant of Plaintiff's complaints against James Albert.  <u>See</u> (Document No. 14-1, p.11).  It does not appear that Request for Production No. 12 sought audio-recordings;  as such, the undersigned will decline to address that issue at this time.  <u>See</u> (Document No. 14, p.11).  The Court expects the parties to work in good faith to reach a resolution of any proper request for such recordings.

The undersigned is not persuaded that Plaintiff has provided any support or explanation for the alleged deficiency of Request for Production No. 16, and therefore, will decline to require Defendant to supplement that response.

**Request for Production No. 2 – Michelle Toney**

Next, Plaintiff asserts that Defendant's response to Request for Production No. 2 is deficient because Defendant has not provided the complete personnel file of Human Resources Manager Michelle Toney ("Toney").  (Document No. 15, pp.4-5).  Plaintiff contends that "Ms. Toney's education, work experience, and training and overall competency as an HR professional is germane to the issues presented in this case."  (Document No. 15, p.5).

Defendant suggests that Toney's personnel file is not relevant to this lawsuit and "would intrude on private information concerning her compensation and job evaluations."  (Document No. 16, p.4).

The parties' briefs seem to indicate that there was little, if any, meaningful attempt to resolve this issue in good faith.  The information Plaintiff is interested in is different than the information Defendant objects to providing.  As such, the Court directs counsel to work together on a compromise that might involve providing a redacted version of Toney's personnel file, including her "education, work experience, and training," but protecting certain private

information.  Defendant shall supplement its response as appropriate, mindful that a "Protective

Order" (Document No. 13) has been docketed in this case.

**Requests for Production Nos. 9-11**

Plaintiff also seeks to compel the production of all emails and other electronic

communication between herself and Michelle Toney, Elizabeth Ells and Grady Ingle.  (Document

No. 6, p.6).  Plaintiff suggests that these communications may lead to admissible evidence

regarding her job performance, the nature of her agreement with Defendant regarding academic

pursuits and attendance, and concerns about James Albert's alleged sexual advances and

Defendant's responses to such concerns.  (Document No. 6, pp.6-7).

Defendant argues that full production of the emails is not necessary, and is not relevant or

proportional to the needs of the case.  (Document No. 16, p.4).

The undersigned again views this issue as one that could have been resolved, or at least

narrowed, by the parties with minimal effort.  Under the circumstances, the undersigned will

require Defendant to supplement its production of emails to fully comply with Request for

Production Nos. 9-11.  However, the parties are respectfully encouraged to consider whether there

is a less burdensome way to satisfy Plaintiff's need to review the emails in question, such as

agreeing on certain search terms to produce relevant emails and/or to exclude emails the parties'

agree are not subject to discovery here.

**Request for Production No. 23**

Next, Plaintiff seeks to compel the production of all emails between herself and Megan

Hawn, Candace Tanner, Rachel Winchester, and Jared Adams.  (Document No. 15, p.7).  Plaintiff

contends that she expressed concerns about James Albert's behavior to these individuals during

her employment with Defendant.  Id.  Plaintiff acknowledges that Defendant has already produced certain emails between Plaintiff and Laura McLain and Matt Hill.  Id.

Defendant's response suggests that it is under the impression that Plaintiff is seeking email communications from dozens of co-workers.  (Document No. 16, p. 5).  The undersigned agrees that such a demand would be burdensome;  however, that is not what Request for Production No. 23 or the pending motion seeks from Defendant.  See (Document No. 15, p.7 and Document No. 14-2, p.4).  Rather, it appears Plaintiff seeks her email exchanges with four (4) co-workers.  Id.

The undersigned will direct Defendant to provide the requested emails, unless the parties can agree on a process to limit the email production to communications related to James Albert's behavior.

**Request for Production No. 25**

Finally, Plaintiff seeks to compel the "metadata for the document entitled, 'Policy Violation' which purports to memorialize a verbal discussion occurring on May 21, 2015 between Plaintiff and Michelle Toney regarding an alleged 'attendance violation.'"  (Document No. 15, p.7). Plaintiff questions the authenticity of the document.  (Document No. 15, p.8).  Plaintiff notes that Defendant responded that it would undertake "a search for the requested metadata and will supplement this response."  Id.  See also (Document No. 14-2, p.5).

Defendant does not appear to address this final request by Plaintiff.  (Document No. 16).

Based on the foregoing, the Court will require Defendant to produce the requested metadata.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Discovery" (Document No. 14). is **GRANTED in part** and **DENIED in part**.  Plaintiff shall supplement its responses as directed herein by **December 1, 2017**.

**IT IS FURTHER ORDERED** that the parties' requests for attorney's fees and costs will be **DENIED WITHOUT PREJUDICE**.  If Defendant fails to timely supplement its discovery responses as directed herein, Plaintiff may file a renewed motion seeking all related attorney's fees and costs.

**SO ORDERED**.

Signed: November 16, 2017

David C. Keesler
United States Magistrate Judge