IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CV-263-RJC-DCK

| | |
|---|---|
| LAURA B. GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| SHAPIRO & INGLE, LLP, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion Of Defendant To File Summary Judgment Papers Under Seal" (Document No. 26). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

A party who seeks to seal any pleading must comply with Local Civil Rule 6.1. The Local Civil Rule provides in relevant part as follows:

> **LCvR 6.1**      **SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A

1

party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
>
> **(2)** A statement indicating why sealing is necessary **and why there are no alternatives to filing under seal**;
>
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>
> **(4)** Supporting statutes, case law, or other authority.

To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

**(d)** *Filing of an Unredacted Copy Allowed*. The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

**(e)** *Public Notice*. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c). Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24. Where the Court acts before the response, any party or non- party may move to unseal at any time.

**(f)** *Orders Sealing Documents*. When addressing motions to seal, the Court must consider alternatives to sealing. If the Court determines that sealing is necessary, it will state its reasons with findings supporting its decision. The Court will also specify whether the sealing is temporary or permanent, and also may redact such orders in its discretion.

L.Cv.R. 6.1 (W.D.N.C. 2018) (emphasis added).

By the instant motion, Defendant seeks to keep its "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 25), as well as eighteen (18) exhibits, under seal. (Document No. 26, p.1). Defendant seeks to protect the "identification of real estate loan numbers" and "medical records and references to medical records of the Plaintiff." (Document No. 26, pp.1-2).

The Court notes that Local Civil Rule 6.1(c)(2) requires "[a] statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(c)(2). The undersigned understands the likely importance of sealing confidential medical information, and perhaps real estate loan numbers; however, Defendant has failed to adequately explain why there are no alternatives to sealing *all* 582 pages of its memorandum and exhibits. At this time, the undersigned is not persuaded that there is not an alternative to sealing everything requested. For example, why not file an unsealed version of the memorandum with minimal redaction? Moreover, does the full content of all exhibits need to be sealed? Are there exhibits or parts of exhibits that could simply be redacted?

Local Civil Rule 6.1(c)(4) requires the parties to provide citations of law supporting the relief they seek. Plaintiff has not identified any statutes or caselaw supporting the requested relief.

Having considered all of the factors provided in Local Civil Rule 6.1(c), the undersigned will deny the pending motion without prejudice. Plaintiff shall file a renewed motion consistent with Local Rule 6.1, and addressing the concerns identified above.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Motion Of Defendant To File Summary Judgment Papers Under Seal" (Document No. 26) is **DENIED WITHOUT PREJUDICE**.

However, the "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 25) and attached exhibits shall remain under seal until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that Plaintiff shall file a renewed motion to seal on or before **March 7, 2018**.

Signed: March 2, 2018

David C. Keesler
United States Magistrate Judge