# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-263-RJC-DCK

| | |
|---|---|
| LAURA B GREENE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| SHAPIRO & INGLE, LLP, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery" (Document No. 22). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Laura B. Greene ("Plaintiff" or "Greene") initiated this action with the filing of her "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on May 9, 2017. The Complaint asserts claims against Shapiro & Ingle, LLP ("Defendant") for: (1) sexually-hostile working environment / retaliatory discharge; and (2) violation of the N.C. Wage & Hour Act. (Document No. 1-1, pp.14-17). Plaintiff contends that she was sexually harassed by one of Defendant's managers, James Albert ("Albert"), and was then terminated from her employment with Defendant because of her gender and in retaliation for complaining about unwelcome sexual advances. (Document No. 1-1, p.7).

Defendant filed its "Notice Of Removal" (Document No. 1) with this Court on May 17, 2017. The Court issued its "Pretrial Order And Case Management Plan" (Document No. 6) on

June 20, 2017. The "…Case Management Plan" includes the following deadlines: expert reports – November 6 and 13, 2017; discovery completion – February 1, 2018; and dispositive motions – March 1, 2018. (Document No. 6).

Now pending before the undersigned is "Plaintiff's Motion To Compel Discovery" (Document No. 22) filed February 22, 2018. The motion has been fully briefed. See (Document Nos. 23, 32 and 39). Although the Court had planned to hold a telephone conference, in the interests of judicial economy and efficient case management the undersigned issues this decision.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial

discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

By the pending motion, Plaintiff seeks to compel Defendant to fully respond to Request Nos. 26 and 27 of Plaintiff's Third Request for Production of Documents. (Document No. 22, p.1). These requests seek the following information from Defendant:

> 26. Produce all documents which purport to show the badge entry swipes and/or the time of entry or egress for each attorney employed by Defendant at its Charlotte, NC office during the period January 1, 2015 through December 31, 2015.
>
> 27. Produce all documents purporting to show the time and attendance of each attorney employed by Defendant at its Charlotte, NC office during the period January 1, 2015 through December 31, 2015. Include in your document production, all notes, emails, memoranda, or other documents which memorialize each individual's late arrival to the office, absence due to sickness or injury, and absence due to vacation time or other paid time off.

(Document No. 22-1, p.2).

Plaintiff contends that responses to these requests are "relevant to the issue of pretext and should prove useful for impeachment," and that this discovery is germane to her contention that she was treated more harshly than similarly-situated attorneys in Defendant's workplace. (Document No. 23, pp.6-7).

There does not appear to be any dispute that a central issue in this case is Plaintiff's attendance record; Defendant states in its response that "[s]he was fired for her miserable attendance record." (Document No. 32, p.5).

In short, the undersigned finds Plaintiff's arguments to be persuasive. (Document Nos. 22, 23, and 39). The requested information appears to be relevant to the parties' claims and defenses, non-privileged, and proportional to the needs of the case.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Discovery" (Document No. 22) is **GRANTED**. Defendant shall provide full discovery responses on or before **April 9, 2018**.

**IT IS FURTHER ORDERED** that Defendant shall reimburse Plaintiff for her reasonable costs and fees associated with preparing and filing Document Nos. 22, 23, and 39.

**SO ORDERED**.

Signed: March 30, 2018

David C. Keesler
United States Magistrate Judge